IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-cr-446-ECM |
| | ) | [WO] |
| ALVIN FERNANDO GANTT | ) | |

**O R D E R**

Now pending before the Court are the United States Probation Office's ("USPO") petition for revocation of supervised release (doc. 50), and the United States and the Defendant's (the "parties") joint motion to impose judgment and waiver of final revocation hearing (doc. 64).

The Defendant is charged with one violation of the terms of his supervised release. In Violation 1, he is alleged to have violated the mandatory condition that he "must not commit another federal, state, or local crime," in that on July 24, 2023, a warrant was issued by the District Court of Montgomery County, Alabama, charging the Defendant with Domestic Violence 2nd Degree, a felony, in violation of Ala. Code § 13A-6-131; and the Defendant was arrested on July 27, 2023.

Pursuant to the parties' agreement, the Defendant agrees to plead guilty to Violation 1. The parties submit that a sentence of time served, with no period of supervised release to follow, is an appropriate sentence. The parties explain that following his arrest, the Defendant pleaded guilty, and on August 23, 2024, he was sentenced to 60 months, split to serve 24 months, with credit for time served. The state court ordered that his sentence be served concurrently with any sentence in this case. On July 24, 2025, the Defendant

completed 24 months in state custody and ended his sentence. The parties further represent that the Defendant "expressly waives his right to a final hearing on the Petition for Revocation of Supervised Release." (Doc. 64 at 2). Additionally, the parties represent that the USPO agrees with this resolution. (*Id.*).

For the following reasons, the Court will accept the parties' agreement; grant the revocation petition (doc. 50); revoke the Defendant's supervised release; and sentence him to time served, with no additional term of supervised release.

Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release." Under this rule, the Defendant has the right to

> (A) written notice of the alleged violation; (B) disclosure of the evidence against [him]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [his] right to retain counsel or to request that counsel be appointed if [he] cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation.

FED. R. CRIM. P. 32.1(b)(2). The rule also provides that a defendant can waive a revocation hearing: "*Unless waived by the person*, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." *Id.* (emphasis added); *see also United States v. Jones*, 798 F. App'x 494, 497 (11th Cir. 2020) (per curiam) ("The Federal Rules of Criminal Procedure, which govern revocation hearings, allow a defendant to waive their right to a hearing." (citing FED. R. CRIM. P. 32.1(b)(2)). Based on a defendant's express waiver, Rule 32.1(b)(2) permits a court to enter judgment without a revocation hearing.

The Court finds that the violation is a Grade A violation under the United States

Sentencing Guidelines, *see* USSG § 7B1.1(a)(1); the Defendant's criminal history category is V; the advisory guideline range of imprisonment is 30 to 37 months, *see* USSG § 7B1.4(a);[1] and the statutory maximum is 2 years (or 24 months), *see* 18 U.S.C. § 3583(e)(3). The Court has considered the Sentencing Guidelines, the relevant 18 U.S.C. § 3553(a) factors, and the parties' agreement. Based on these considerations, the Court finds that a sentence of time served, with no term of supervision to follow, is an appropriate sentence in this case.

Accordingly, upon consideration of the entire record, and for good cause, it is

ORDERED as follows:

1. The parties' joint motion to impose judgment (doc. 64) is GRANTED;

2. USPO's petition for revocation of supervised release (doc. 50) is GRANTED;

3. The parties' agreement and the Defendant's express waiver of his right to a final revocation hearing are ACCEPTED;

4. Based on the Defendant's guilty plea to Violation 1, the Court finds that the Defendant violated the mandatory condition that he "must not commit another federal, state, or local crime";

5. The violation is a Grade A violation under the United States Sentencing Guidelines, *see* USSG § 7B1.1(a)(1); the Defendant's criminal history category is V; the advisory guideline range of imprisonment is 30 to 37 months, *see* USSG § 7B1.4(a); and

---

[1] The parties contend that the Defendant's guideline range is 33–41 months. However, the Court finds that based on the Defendant's criminal history category of V and the violation being a Grade A violation, the guideline range is 30–37 months.

3

the statutory maximum is 2 years (or 24 months), *see* 18 U.S.C. § 3583(e)(3).

6. The Court has considered the Sentencing Guidelines, the relevant 18 U.S.C. § 3553(a) factors, and the parties' agreement. Based on these considerations, the Court finds that a sentence of time served is an appropriate sentence in this case, with no term of supervision to follow;

7. The final revocation hearing set for September 11, 2025, is CANCELLED, and the parties' deadlines to submit position memoranda, exhibits, and responsive memoranda (doc. 61) are TERMINATED.

8. Judgment will be entered separately.

DONE this 1st day of August, 2025.

                                                        /s/ Emily C. Marks
                                         EMILY C. MARKS
                                         CHIEF UNITED STATES DISTRICT JUDGE